UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID DEE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-254** |
| **BURL CAIN** | **SECTION: "I"(1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, David Dee, is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  On March 5, 2009, he was convicted of armed robbery under Louisiana law.[1] He was subsequently found to be a third offender and, on November 3, 2009, he was sentenced as such to a term of life imprisonment without benefit of parole, probation, or suspension of sentence.[2]  On October 30, 2012, the Louisiana Fifth Circuit Court of Appeal affirmed his

---

[1] State Rec., Vol. 2 of 4, trial transcript, p. 206; State Rec., Vol. 1 of 4, minute entry dated March 5, 2009; State Rec., Vol. 1 of 4, jury verdict form.
[2] State Rec., Vol. 3 of 4, transcript of November 3, 2009; State Rec., Vol. 1 of 4, minute entry dated November 3, 2009; State Rec., Vol. 1 of 4, Reasons for Sentence.

conviction, habitual offender adjudication, and sentence.[3] The Louisiana Supreme Court then denied his related writ application on April 19, 2013.[4]

On April 10, 2014, petitioner filed an application for post-conviction relief with the state district court.[5] That application was denied on May 5, 2014.[6] His related writ applications were likewise denied by the Louisiana Fifth Circuit Court of Appeal on July 15, 2014,[7] and by the Louisiana Supreme Court on September 18, 2015.[8]

On January 5, 2016, petitioner filed the instant federal application.[9] The state filed a response arguing that the application is untimely,[10] and petitioner filed a reply to the state's response.[11]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." 28 U.S.C. § 2244(d)(1)(A).[12] On that point, the United States Fifth Circuit Court of Appeals has explained:

---

[3] State v. Dee, 103 So.3d 1153 (La. App. 5th Cir. 2012); State Rec., Vol. 1 of 4.
[4] State v. Dee, 111 So.3d 1031 (La. 2013); State Rec., Vol. 3 of 4.
[5] State Rec., Vol. 3 of 4. Federal habeas courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). The date on which that occurred here is not apparent from the record. However, the undersigned will use the signature date of the application's accompanying affidavit as the filing date, in that the application could not have been placed in the prison mailing system prior the date on which the affidavit was signed.
[6] State Rec., Vol. 3 of 4, Judgment dated May 5, 2014.
[7] State ex rel. Dee v. Cain, No. 14-KH-477 (La. App. 5th Cir. July 15, 2014); State Rec., Vol. 4 of 4.
[8] State ex rel. Dee v. State, 178 So.3d 136 (La. 2015); State Rec., Vol. 3 of 4.
[9] Rec. Doc. 3. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner has declared under penalty of perjury that he placed his federal application in the prison mailing system on January 5, 2016. Rec. Doc. 3, p. 15.
[10] Rec. Docs. 9 and 10.
[11] Rec. Doc. 11.
[12] Although 28 U.S.C. § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

2

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  *When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court.*  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (emphasis added).

As noted, the Louisiana Supreme Court denied petitioner's direct-review writ application on April 19, 2013.[13]  Accordingly, for AEDPA purposes, his state criminal judgment became final, and his limitations period therefore commenced, ninety days later on July 18, 2013.  The period then expired one year later, unless that deadline was extended through tolling.

The Court first considers statutory tolling.  Regarding the statute of limitations, the AEDPA expressly provides:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

After two hundred-sixty-five (265) days elapsed, petitioner tolled his federal limitations period by filing a post-conviction application with the state district court on April 10, 2014. Tolling then continued uninterrupted for the duration of the post-conviction proceedings, so long as he sought supervisory review in a timely manner.  Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-71 (5th Cir. 2004).  For the purposes of this decision, the undersigned

---

[13] State v. Dee, 111 So.3d 1031 (La. 2013); State Rec., Vol. 3 of 4.

3

will assume that petitioner's related writ applications were timely[14] and that tolling therefore continued until the Louisiana Supreme Court ultimately denied relief on September 18, 2015.[15]

---

[14] The Court is aware that the state argues that petitioner's related writ application was untimely filed in the Louisiana Fifth Circuit Court of Appeal, noting that it was not filed within thirty days of the district court's ruling. Rec. Doc. 10, p. 9; see Louisiana Uniform Rules of the Courts of Appeal Rule 4-3; see also Melancon v. Kaylo, 259 F.3d 401, 404-06 (5th Cir. 2001); Campbell v. Cain, Civ. Action No. 06-3983, 2007 WL 2363149, at *3 & n.24 (E.D. La. Aug. 15, 2007). Petitioner challenges that argument, noting that despite the date on the district court's ruling, the ruling was not in fact mailed to him until days later. Rec. Doc. 11, pp. 5 and 12-13.

    The undersigned declines to find that tolling was interrupted due to the arguable untimeliness of the writ application. The Court of Appeal did not deny petitioner's writ application as untimely; instead, the court expressly denied the claims on the merits, finding no error in the state district court's ruling. State ex rel. Dee v. Cain, No. 14-KH-477 (La. App. 5th Cir. July 15, 2014); State Rec., Vol. 4 of 4. In Grillette, the United States Fifth Circuit Court of Appeals faced a similar scenario and found that tolling continued uninterrupted. The Fifth Circuit held:

> [A]t no point did the state trial court or the Louisiana Court of Appeal fault Grillette for failure to comply with Rule 4-3. Whereas in Melancon, the Louisiana Court of Appeal expressly indicated that Melancon's application "appeared untimely," in this case it is undisputed that the Louisiana Court of Appeal disposed of Grillette's application "on the merits," without any notation that his application was time-barred. We acknowledge, as the State asserts, that a state court's consideration of an application "on the merits" is not by itself conclusive proof that the application was timely filed in accordance with that state's timeliness laws and rules and thus "pending." See [Carey v.] Saffold, 536 U.S. [214,] 226, 122 S.Ct. 2134 [(2002)] (noting different reasons why a court might "address the merits of a claim that it believes was presented in an untimely way"). Rule 4-3, however, prohibits the Court of Appeal from considering the merits of an application that is not filed with the appellate court within the original or extended return date, "in the absence of a showing that the delay in filing was not due to the applicant's fault." Because the Court of Appeal did consider the merits of Grillette's application, it must have determined that the application was timely either because the trial court impliedly extended the return date and/or because the delay was not due to Grillette's fault.
>
>     Moreover, as Grillette correctly points out, when the denial of an application is based on untimeliness, Louisiana courts routinely and unmistakably indicate so in their opinions. See, e.g., Carter v. Rhea, 785 So.2d 1022, 1022 (La.Ct.App. 4th Cir. 2001) ("WRIT APPLICATION DISMISSED AS UNTIMELY."); Lawyer v. Succession of Kountz Through Cupit, 703 So.2d 233, 233 (La.Ct.App. 4th Cir. 1997) ("WRIT NOT CONSIDERED."); Watts v. Dorignac, 681 So.2d 955, 955 (La.Ct.App. 1st Cir. 1996) ("WRIT NOT CONSIDERED"). *Thus, had the Louisiana Court of Appeal decided to reach the merits of the application notwithstanding a determination that the application was untimely, it appears that the court would have indicated any such untimeliness in its opinion.*

Grillette, 372 F.3d at 775 (emphasis added).

    This Court should not unilaterally ignore the presumptions employed in Grillette. Bourgeois v. Bergeron, Civ. Action No. 09-3185, 2009 WL 5088756, at *4 (E.D. La. Dec. 23, 2009). Therefore, out of an abundance of caution, the Court will toll the federal limitations period in the instant case from the date the post-conviction application was filed until the date the Louisiana Supreme Court denied the related writ application.

[15] State ex rel. Dee v. State, 178 So.3d 136 (La. 2015); State Rec., Vol. 3 of 4. A petitioner receives no additional tolling credit for the period during which he could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 332 (2007); Ott v. Johnson, 192 F.3d 510, 512-13 (5th Cir. 1999).

When petitioner's federal limitations period resumed at that point, petitioner had one hundred (100) days remaining. Accordingly, he had only until December 28, 2015,[16] either to again toll the federal limitations period or to file his federal application.

Petitioner filed no other applications for "State post-conviction or other collateral review." Accordingly, he clearly is not entitled to additional statutory tolling.

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Lastly, the Court also notes that the United States Supreme Court has held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations."

---

[16] Because the one hundredth day fell on a Sunday, petitioner's deadline was extended through the following Monday, December 28, 2015. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed. R. Civ. P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013).  That said, the Supreme Court took care to note:  "We caution, however, that tenable actual-innocence gateway pleas are rare:  '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  Id. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).  Here, petitioner does not invoke McQuiggin and, in any event, he has not made colorable showing that he is actually innocent in light of "new evidence."

Because petitioner is not entitled to further statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for habeas corpus relief had to be filed no later than December 28, 2015, in order to be timely.  His federal application was not filed until January 5, 2016, and, therefore, it is untimely.

Out of an abundance of caution, the Court notes that, although petitioner's application was filed only approximately one week past the deadline, "the magnitude of [a petitioner's] tardiness" simply is not a proper consideration in determining the timeliness of a federal habeas application. Lookingbill v. Cockrell, 293 F.3d 256, 264 (5th Cir. 2002).  As the United States Fifth Circuit Court of Appeals explained:

> At the margins, all statutes of limitations and filing deadlines appear arbitrary. AEDPA relies on precise filing deadlines to trigger specific accrual and tolling provisions.  Adjusting the deadlines by only a few days in both state and federal courts would make navigating AEDPA's timetable impossible.  Such laxity would reduce predictability and would prevent us from treating the similarly situated equally.  We consistently have denied tolling even where the petition was only a few days late.

Id. at 264-65 (footnote omitted).

**RECOMMENDATION**

It is therefore **RECOMMENDED** that the federal application for habeas corpus filed by David Dee be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[17]

New Orleans, Louisiana, this thirteenth day of April, 2016.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[17] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.